**JIANGHUA ZHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74398.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 25, 2009.

Cindy Siuhuei Chang, Law Offices of Cindy S. Chang, Walnut, CA, for Petitioner.

Myles E. Flint, II, Esquire, Margaret Kuehne Taylor, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jianghua Zheng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Zheng's testimony was inconsistent with his documentary evidence regarding his relationship with his ex-girlfriend and whether he went into hiding with her, and his testimony was inconsistent with his declaration regarding whether the police beat his mother. *See id.* at 962–64. Because these discrepancies go to the heart of his claim and Zheng failed to adequately explain them when given the opportunity, the IJ's decision denying asylum and withholding of removal is supported. *See id.;* *see also Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of CAT relief because Zheng points to no evidence beyond his discredited testimony to establish eligibility for CAT. *See Farah,* 348 F.3d at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.